UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TIMOTHY ASKEW,

        Plaintiff,

  - against -                            REPORT & RECOMMENDATION
                                              and ORDER
6 OFFICERS OF THE N.Y.P.D. and THE CITY     11-CV-4275 (ENV)
OF NEW YORK,

        Defendants.
-------------------------------------------------------------X
-------------------------------------------------------------X

TIMOTHY ASKEW,

        Plaintiff,

  - against -                            REPORT & RECOMMENDATION
                                              and ORDER
(3) THREE OFFICERS OF THE N.Y.P.D. and     11-CV-4276 (ENV)
THE CITY OF NEW YORK,

        Defendants.
-------------------------------------------------------------X

**GOLD, United States Magistrate Judge:**

      Plaintiff brings these *pro se* civil rights actions alleging that the police illegally stopped and searched him on two different occasions.[1] Plaintiff's applications to proceed *in forma pauperis* under 28 U.S.C. § 1915 are hereby granted. The Clerk of Court shall send a copy of this order and the complaints to the New York City Law Department and a copy of this order to plaintiff, at both his mailing address and his residence. No summonses shall issue at this time.

A.    *Report & Recommendation*

      In both of these actions, plaintiff sues the City of New York in addition to suing the unknown individual officers involved. As the Honorable Eric N. Vitaliano explained to plaintiff in

---

[1] Plaintiff already has a pending action in this court alleging an illegal search on March 14, 2011 on Pitkin and Rockaway Avenues in Brooklyn. *Askew v. Galiardi*, 11-CV-2412 (ENV).

his pending action, "any complaint against the City of New York must comply with *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978)." *Askew v. Galiardi*, 11-CV-2412 (ENV) (June 14, 2011). Plaintiff fails to identify any policy, practice, or custom of the City of New York in these new actions. Accordingly, I respectfully recommend that the City of New York be dismissed from these actions, without prejudice to plaintiff's right to amend the complaint to include factual allegations that comply with *Monell*.

Any objections to this recommendation must be filed with the Clerk of the Court within fourteen days of this report and in any event no later than September 26, 2011. Failure to object to this report may waive the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

*B.    Order*

In 11-CV-4275, plaintiff alleges that on June 22, 2011, at approximately 5:36 p.m., he was riding in a friend's car, after picking up his friend's son from school. Plaintiff alleges that on the way to plaintiff's home in Brooklyn, New York, he was "pulled over by (6) six undercover police officers, driving an unmarked black van lic[ense] # DEP-5149 and searched." Compl. ¶ III. The officers refused plaintiff's request for identification and threatened him with arrest if he "did not stop complaining." *Id*.

In 11-CV-4276, plaintiff alleges that on August 22, 2011, at approximately 5:35 p.m., he was on the stoop of his home at 42 Christopher Avenue talking with a friend when "three under cover police officers, driving an unmarked black car," license # EJH-8873, stopped in front of his house, got out, and searched plaintiff and his friend. Compl. ¶ III. According to plaintiff, the officers refused to provide plaintiff their badge numbers and then left. *Id*.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), the Court requests that Corporation Counsel ascertain the full name(s) and service address(es) of the police officers who may have been involved in the June 22 and August 22, 2011 incidents. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the arresting officers by October 10, 2011. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
September 8, 2011

*U:\eoc 2011\askew\090811 r&r & order.wpd*